USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 2/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STACY C. BATE,

        Plaintiff,

– against –

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

        Defendant.

**OPINION & ORDER**

18-CV-1229 (ER)

Ramos, D.J.:

  On December 12, 2018, Stacy C. Bate ("Bate"), commenced this action against the Acting Commissioner of Social Security ("Commissioner"), challenging the denial of her application for Social Security benefits. Bate's counsel, the Law Office of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"),[1] seek attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). For the reasons set forth below, the Court awards attorney's fees and costs to Binder & Binder in the amount of $36,754.13.

**I. BACKGROUND**

  On or about June 9, 2014, Bate became disabled to work; she suffers from Crohn's disease and other medical conditions. Doc. 1, 1. On November 3, 2014, she filed an application for Social Security Disability benefits. Doc. 20, 1. When her claim was denied, she requested a hearing in front of an Administrative Law Judge ("ALJ"). By decision dated January 12, 2017, the ALJ found Bate was not disabled. *Id.* Bate petitioned the Appeals Council for review, which they denied on December 14, 2017. *Id.*

  On January 18, 2018, Bate retained Binder & Binder on a contingency fee basis of 25% of her past due Social Security benefits if awarded. Doc. 20-1, Ex. C. On December 12, 2018, Binder & Binder initiated an action on behalf of Bate for federal

---

[1] Counsel of record from Binder & Binder are Charles E. Binder ("Binder") and Daniel S. Jones ("Jones").

court review of the denial of her application for benefits. Doc. 1. After submitting her Social Security Administration ("SSA") record, Bate moved for judgment on the pleadings. Docs. 9–10. The Commissioner did not oppose the application and instead, on October 4, 2018, the parties filed a joint stipulation and order to remand the case to the Commissioner of Social Security for further administrative proceedings. Doc. 14.

On August 16, 2019, the SSA found that Bate was disabled since the onset date of her disability, June 9, 2014. Doc. 19, 2. Her first check was for $110,126.87 in past due benefits from December 2014, when her entitlement began, through September 2019. Doc. 20-1, Ex. C. Thereafter, she was to receive a monthly amount of $2,541.00 in Social Security benefits. *Id.* The SSA withheld $36,754.13, or 25% of Bate's total past due benefits for payment of attorney's fees. *Id.* On October 31, 2018, the Court approved a joint stipulation between the parties in which the Commissioner awarded $4,982.48 in attorney's fees and $400 in costs, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 18.

Binder & Binder filed the instant motion for attorney's fees under § 406(b) on October 9, 2019. Doc. 19. In a supporting declaration, Binder & Binder represented that they spent 24.40 hours working on this case in federal court (Binder spent 3 hours and Jones 21.40 hours). Doc. 20. Binder & Binder request $36,754.13 in attorney's fees, which represents 25% of the retroactive benefits awarded to Bate and results in a *de facto* hourly rate of $1,506.32. Doc. 21, 4.

In support of the motion for attorney's fees and costs, Binder & Binder provided the Court with the following: (1) a retainer agreement where Bate agrees to pay Binder & Binder a 25% contingency fee of her past due benefits if awarded; (2) counsel's credentials in the field of Social Security disability cases; (3) an itemized bill of hours for the case; (4) a letter from the Social Security Administration approving Bate's Social Security benefits; and (4) an affidavit from Bate declaring she is very satisfied with their work and approves their request. Doc. 20-1.

In addition, Binder & Binder claim that they have substantial experience with social security disability cases. For example, Jones, who spent 21.40 hours on the case, has handled thousands of Social Security appeals in federal courts across the country, and spent 8 years working as a non-attorney representative of claimants before the SSA. Doc. 20, 3. Binder and Jones co-authored *Social Security Law and Practice*, part of the New York Lawyer's Practical Skills Series for the New York State Bar Association. *Id.*

On October 22, 2019, the Commissioner opposed the motion for attorney's fees and costs, arguing that the *de facto* hourly rate of $1,506.32 is unreasonable and excessive. Doc. 22.

## II.    LEGAL STANDARD

The Social Security Act states that when a disability claimant is successful in federal Court, the Court may authorize payment of reasonable attorney's fees up to 25% of the claimant's back-due benefits after the claimant is found disabled. 42 U.S.C. § 406(b)(1)(A). When there is a contractual contingency fee arrangement, courts review for reasonableness the yield of those agreements pursuant to § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002); *see also Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 657–58 (S.D.N.Y. 2018) (elaborating standard for § 406(b) motions).

Within the 25% boundary, the attorney for a successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Rather than use the traditional lodestar method, courts must analyze (1) the character of the attorney's representation and the results they achieved, (2) whether the attorney was responsible for delay in the case, and (3) whether the benefits are large in comparison to the amount of time counsel spent in the case, so as to avoid a windfall for counsel. *Id.* at 808.

When assessing the reasonableness of a contingency fee payment, a court should also balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated and continue litigating

disability benefits cases. *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (citing *Gisbrecht*, 535 U.S. at 805). Accordingly, the decision to reduce the amount provided in a contingency fee agreement should not be made lightly. *Id.* Lastly, fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

Here, the first two factors, relating to the character of the representation and results and to delays in the case, weigh in favor of approving the fee request. First, the briefing of the motion for judgment on the pleadings was effective in prompting a remand and "achieved the greatest possible success" for Bate. *Baron*, 311 F. Supp. 3d at 636. Counsel submitted a detailed brief tailored to Bate's administrative record that the Commissioner chose to not oppose. Docs. 9, 11, 15. This resulted in a favorable outcome for Bate. Doc. 20-1, Ex. C.

Second, Bate's counsel did not engage in any delay in the proceedings that might have artificially increased past due benefits and subsequently the potential attorney fee award. Indeed, while the Commissioner requested and was granted one extension, Bate did not request any. Docs. 12–13.

But as is often the case in § 406(b) motions for attorney's fees, the third factor, which seeks to avoid attorney windfall, requires more scrutiny. *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019). To determine whether an award constitutes a windfall for counsel, courts consider the following factors: (1) whether the attorney's efforts were particularly successful, (2) whether there is evidence of the effort expended by the attorney which involved real issues of material fact and required legal research, and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005). Applying these factors here, they too weigh in favor of granting the fee request.

4

As discussed above, Bate's counsel were successful in achieving an award of benefits from the onset of her disability. Additionally, based on counsel's experience with social security cases, they should not be penalized for working efficiently in this case compared to other attorneys who might have taken longer to perform the same work. *See Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007).

The Commissioner's sole objection to the requested attorney's fees is that the estimated *de facto* hourly rate of $1,506.32 constitutes a windfall to counsel and is unreasonable. Doc. 22, 2 (collecting § 406(b) cases where attorneys were awarded *de facto* hourly rates lower than $1,506.32). However, it is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b). *See Gisbrecht*, 535 U.S. at 808; *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (holding best indicator of reasonableness in contingency fee social security cases is contingency percentage negotiated by attorney and client, not hourly rate).

Here, Bate negotiated a 25% contingency fee with her counsel. While their agreement resulted in a *de facto* hourly rate of $1,506.32, a substantial number of cases in this Circuit have also resulted in *de facto* hourly rates that exceed $1000. *Baron*, 311 F. Supp. 3d at 637–38 (collecting cases with hourly fees ranging from $1,072.17 to $2100 given efficient and impressive work from counsel); *see also Valle*, 2019 WL 2118841, at *3 (awarding *de facto* hourly rate of $1,079.72 to Binder & Binder).

Though certainly high, the *de facto* hourly rate in this case is the product of competent and efficient advocacy which should not be held against counsel. *Blizzard*, 496 F. Supp. 2d at 323. The Court thus concludes that the award of attorney's fees sought here is reasonable in the context of this case and does not constitute an impermissible windfall to counsel.

5

## IV. CONCLUSION

For the foregoing reasons, the motion for attorney's fees in the amount of $36,754.13 is GRANTED. Upon receipt of this sum, counsel for Plaintiff shall refund the previously awarded $4,982.48 in attorney's fees, under the EAJA, directly to Bate.

The Clerk of Court is directed to terminate the motion, Doc. 19.

It is SO ORDERED.

Dated: February 12, 2020
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.